## CIRCUIT COURT OF WASHINGTON COUNTY

James E. Mitchell,
Executor of the Estate of
Constance Inez White

    v.

Newton Kirk White et al.

December 17, 1992

Case No. (Chancery) 92–53

BY JUDGE CHARLES H. SMITH, JR.

This matter is pending before the court upon the plaintiff's Motion for Declaratory Judgment. The plaintiff is the executor of the estate of Constance Inez White and has filed this motion seeking the court's guidance with regard to the execution of a certain deed by his testator some 11 years prior to her death. The defendants are all children and heirs at law of the deceased. All have filed responsive pleadings, and arguments were held on the issues involved on September 25, 1992. The court took the matter under advisement and requested counsel to file memoranda. The court has received and reviewed the memoranda submitted by counsel along with the pleadings and exhibits and considered all of same in light of counsel's arguments made at the hearing.

The testator, Constance Inez White, died on March 3, 1991. With the exception of one specific bequest, her will, executed on October 9, 1985, left all of her property to her three children equally. The deed in question purporting to convey some 7.64 acres of land to Thomas Wilson White, a son of the grantor, was executed on April 22, 1980. At the time of the execution of this deed, the grantor, Mrs. White, was leaving for an extended trip to Florida. She did not deliver the deed to the grantee but instead delivered it to a very close friend, Edith Roark, with instructions, "Give this to Tommy if anything happens to me while I am gone." The deed was contained in a white, sealed envelope, which had the grantee's name written on the

outside. Mrs. Roark was not told what the envelope contained and was given no other instructions by Mrs. White. Mrs. White did return from her trip several months later but did not ask for the envelope back. Apparently, the envelope was never mentioned again until December of 1990 during the testator's last illness. At that time, the testator asked Mrs. Roark if she still had the "letter," and upon discovering that she did and informing the testator of this fact, she was instructed to "just keep it." Upon learning of Mrs. White's death, Mrs. Roark called Tommy White and delivered the envelope to him thinking that it may pertain to funeral arrangements. Tommy White recorded the deed the next day.

The issue, of course, is whether the testator, in delivering the deed to Mrs. Roark, intended to part with all dominion and control over the instrument, thus effecting a valid delivery and *inter vivos* transfer. As both counsel correctly point out in their memorandum, Virginia case law recognizes the validity of the delivery of an instrument to a third party to hold and deliver to a designated beneficiary upon the happening of some contingency such as death of the grantor. However, in order to be effective, the delivery of the instrument to a third party must be absolute, unconditional, and without reservation of any kind by the grantor. In my opinion, the delivery of the deed to the third party in this situation was insufficient to constitute a valid delivery and transfer since it lacked the requisite unequivocal manifestation of the grantor's intent and was conditional. There were, in fact, two conditions attached. First, Mrs. Roark had no authority to deliver the deed unless something happened to Mrs. White. Second, she had no authority to deliver it unless something happened while Mrs. White was gone. The conditions having failed, the delivery was negated. Furthermore, Mrs. White had apparently had this deed in her possession for over five years at the time she delivered it to Mrs. Roark. She apparently had never mentioned it to the grantee, her other two children, nor to anyone else. From the time she delivered to Mrs. Roark and the time of her last illness, another five or six years elapsed during which she apparently forgot about the deed and never mentioned it to the grantee, her other two children, nor to anyone else except the one occasion when she told Mrs. Roark to "just keep it." This instruction can hardly be construed as a direction to Mrs. Roark to deliver the deed to Thomas White. Finally, the testimony of Mrs. Roark as to do what she thought Mrs. White meant by this is purely speculative.

I will order that this conveyance be set aside and that this tract of land pass to the beneficiaries under the residuary clause of the will. If necessary, the court will appoint a special commissioner to make conveyance of the property back to the estate or to the three beneficiaries separately.